UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **ALBERT K. ALEXANDER** | * | **CIVIL ACTION NO. 09-1016** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **LAFAYETTE CITY PARISH** | * | **MAGISTRATE JUDGE HANNA** |

**ORDER REQUIRING RULE 7(a) REPLY**

When an officer or other official sued in his or her personal capacity asserts a qualified immunity defense in a civil rights action, the plaintiff must support his or her claim "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995). As suggested in Schultea, this court will require plaintiff to file a reply to defendant's answer asserting qualified immunity pursuant to RULE 7(A) F.R.CIV.P. Accordingly,

**IT IS HEREBY ORDERED** that within twenty (20) days of the date of this order, the plaintiff shall file a reply to the qualified immunity defense pled by the defendant, William T. Babin, Guy Lebreton, Norman Maldonado, Rob Olivero, Mike Marin, Michael Neustrom. The reply must allege with specificity the constitutional rights that were violated, the facts that support these allegations, the persons involved in these alleged violations, and the reasons that the asserted defense of qualified immunity is inapplicable.

2

**IT IS FURTHER ORDERED** that defendant(s) shall not file any response to plaintiff's reply; any response filed will be disregarded. The purpose of this order is to determine whether discovery should be banned or limited pending the filing by defendants of a motion to dismiss under Rule 12(b), or, alternatively, a motion for summary judgment. This process does not absolve defendant(s) from filing a timely motion to dismiss or motion for summary judgment on the qualified immunity issue.[1]

Signed at Lafayette, Louisiana on this 6th day of May, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[1] The Fifth Circuit in Schultea stated:

> The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

Schultea, 47 F.3d at 1432-34.

mem: T:\DRAFTS FOR PJH TO SIGN\09-cv-1016.Alexander.7a order.wpd 5/6/10