UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

**ALBERT ALEXANDER**　　　　　　　　　　**CIVIL ACTION NO. 09-1016**

**VERSUS**　　　　　　　　　　　　　　　　**JUDGE DOHERTY**

**LAFAYETTE CITY PARISH**　　　　　　**MAGISTRATE JUDGE HANNA**
**CONSOLIDATED GOVERNMENT,**
**ET AL**

*REPORT AND RECOMMENDATION*

Before the court is a Motion for Summary Judgment by William T. Babin, Individually and as Assistant District Attorney (Rec. Doc. 17) and a Motion for Summary [Sic] on Behalf of Defendant, Sheriff Michael W. Neustrom. (Rec. Doc. 20)[1] The motions are opposed.

Plaintiff is proceeding pro se, and oral argument was held on November 24, 2010 in order to give plaintiff full opportunity to argue in opposition to the motions. A jury trial is set in this matter for June 6, 2011, and the pre-trial conference is set for May 24, 2011.

*Background and Argument*

Plaintiff filed suit on June 17, 2009, alleging civil rights violations against multiple defendants arising out of his arrest on June 24, 2005, and incarceration until September,

---

[1] Although the Lafayette Parish Sheriff's Department was named as a defendant, that entity was dismissed under LR 41.3W on February 23, 2010. (Rec. Doc. 11) The claim against that entity was never reinstated.

2008, when all charges against him were dropped and he was released from jail. Included as defendants were movers William T. Babin, individually and in his official capacity as Assistant District Attorney and Michael W. Neustrom, individually and in his official capacity as Sheriff of Lafayette Parish.

In his Complaint, plaintiff alleges he was arrested pursuant to a warrant based on unsubstantiated allegations of forcible rape and molestation of a juvenile. During his arrest, he alleges he was tasered without justification and suffered personal injuries as a result. He alleges he was held without any development of credible evidence to support the charges against him for over three years when the charges were dismissed and he was released in September 2008. Thus, based on his allegations, the plaintiff is alleging civil rights violations against the defendants in the form of wrongful arrest, excessive force, false imprisonment, and malicious prosecution. These allegations are made without reference to specific defendants.

Defendants Babin, Neustrom, as well as Lafayette City Police Chief Jim Craft, answered the suit asserting, *inter alia*, qualified immunity as a defense to plaintiff's suit. On multiple occasions, including an in person conference with the undersigned, the plaintiff was ordered to file a reply pursuant to Fed. R. Civ. P. 7(a). (Rec. Doc. 13, 23). The order from the undersigned that originated in the conference was very specific as to what the plaintiff was required to do, i.e. who did what, when it was done, where it was done and how it was done. Further, that statement was to be made as to each defendant.

The plaintiff filed his 7(a) response on September 6, 2010. (Rec. Doc. 26).

During the conference with the court and in his Rule 7(a) response, plaintiff stated he was maliciously prosecuted by defendant Babin, even after Babin knew there was not sufficient evidence to return an indictment.  Plaintiff said he believes he was held in retribution because he accused Babin of using his position to help his son or stepson escape the consequences of a DUI arrest.

Plaintiff also states he filed a lawsuit in state court against these same defendants based on these same allegations, however, he did not prosecute that case because of fear of retaliation by Babin.

In plaintiff's Rule 7(a) response he clarifies that the allegations against Sheriff Neustrom and his department are based on Neustrom's "constructive knowledge" of the events surrounding his arrest and his failure to protect him from the wrongful arrest, excessive force, and malicious prosecution by the police department and Babin.

Babin filed a motion for summary judgment based on res judicata.  Babin argues plaintiff asserted identical claims against him in state court, which were dismissed with prejudice on February 8, 2010, based on a Peremptory Exception of No Right and/or Cause of Action asserting absolute immunity for Babin from the claims of the plaintiff. Babin attached several documents from the state court record including plaintiff's Petition for Damages, Babin's Peremptory Exception of No Right and/or Cause of Action and memorandum in support, the Notice of Hearing on the exception, and the Judgment

granting the exception and dismissing the claims against Babin with prejudice.[2] The record does not reflect whether an opposition was filed to the exception, however, at oral argument it was determined that no opposition was ever filed by the plaintiff.

Babin included in his motion a statement of undisputed material facts which include the statement that "[t]he allegations against defendant, William T. Babin, made by Plaintiff Albert Alexander in his Complaint filed with this court are the exact same allegations made in the state court proceeding referenced above, which was dismissed with prejudice and is now a final judgment."[3] Babin argues under 28 U.S.C. § 1738, federal courts are to give full faith and credit to the judgments of the state courts, and that this court is obliged to apply the law of Louisiana to determine the preclusive effect to be given to the state court judgment  Babin argues all of the requirements for a finding of res judicata under Louisiana law under La. R.S. 13:4231 are met in this case: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.[4]

---

[2]See *Exhibits to Motion for Summary Judgment by William T. Babin, Individually and as Assistant District Attorney* (Rec. Doc. 17-3).

[3]*Statement of Undisputed Material Facts In Support of Summary Judgment* (Rec. Doc. 17-2).

[4]*Memorandum in Support of Motion for Summary Judgment by William T. Babin, Individually, and as Assistant District Attorney* (Rec. Doc. 17-1), p. 4, citing Burguieres v.

At oral argument, the plaintiff stated he had contacted an attorney, who was not able to enroll in time for the oral argument. He explained he filed suit in federal court first and in state court afterwards because he was uncertain where to file. Plaintiff stated his daughter has been removed from his custody by the Office of Community Services because of the molestation accusations. Plaintiff stated he was intimidated and perceived a threat by Babin, who was present in the courtroom when plaintiff was in a hearing regarding his daughter. As a consequence, he did not prosecute the state court suit. The record reflects, based on documents submitted by the plaintiff, that the entire state court suit was dismissed, without prejudice, on April 12, 2010, for failure to comply with the court's orders. (Rec. Doc. 40).

The court queried plaintiff and counsel for Babin regarding the timing of filing of the lawsuits and whether same made any difference in the res judicata analysis. After further discussion, the court gave plaintiff an opportunity to enroll counsel and for both parties, either pro se or with counsel, to file simultaneous briefs on the issue within 14 days, after which time the court would make its recommendation. Therefore, the recommendation on the motion by William T. Babin is deferred for 14 days pending receipt of the briefs.

In his motion for summary judgment, Sheriff Michael Neustrom argues plaintiff's false arrest and excessive force claims are prescribed as he filed suit more than one year

---

Pollingue, 843 So.2d 1049, 1053 (La. 2003).

after his arrest citing Burge v. Parish of St. Tammany, 996 F.2d 786 (5th Cir. 1993) and Louisiana Civil Code Art. 3492. Moreover, neither the Sheriff nor any member of the Sheriff's department was present during plaintiff's arrest and therefore he cannot be liable for any false arrest or excessive force claims.

Regarding the claims of malicious prosecution, Neustrom argues the Sheriff's department is without authority to initiate a prosecution, which is an essential element of a claim for malicious prosecution.

Finally, Neustrom argues he is, at least, entitled to qualified immunity for any claim that he is liable to plaintiff for failing to protect him from the actions of the police department and Babin by conducting his own investigation into the arrest and continued detention of plaintiff.

Neustrom argues there is no legal requirement that a Sheriff's office or a keeper of a jail investigate charges brought against an inmate, except perhaps under Louisiana law for issues involving mistaken identity, which is not applicable in this case.[5] Neustrom cites Louisiana jurisprudence where no deprivation of constitutional rights was found where detention was based on execution of a facially valid arrest warrant.[6] Defendant argues "the complaint does not allege any facts tending to establish any element of a

---

[5] *Memorandum in Support of Motion for Summary Judgment on Behalf of Defendant, Michael W. Neustrom, Sheriff of Lafayette Parish* (Rec. Doc. 20-2), p. 7, citing Baker v. McCollan, 443 U.S. 137, 145-46 (1979); Hayes v. Kelly, 625 So.2d 628 (La.App.3 Cir. 1993).

[6] *Id.*, pgs. 7-8, citing Dickerson v. Kemp, 540 So.2d 467 (La.App. 1 Cir. 1989); Deville v. Jefferson Parish Sheriff's Dept., 762 So.2d 641 (La. App. 3 Cir. 2000).

claim against the Sheriff under 42 U.S.C. § 1983, and the undisputed facts establish that the plaintiff has no such claim against the Sheriff, in any capacity."[7]

In the exhibits to the motion which were not controverted, the affidavit of the Jail Commander, Mike Ruelas, documents the plaintiff was arrested on June 24, 2005 on the molestation and forcible rape charges, and although his bond was set that same date, the plaintiff never posted bail. (Rec. Doc. 20-3, p.1-2, 4). On June 24, 2005, the plaintiff was held on a detainer ordered by the Louisiana Department of Public Safety and Corrections (LPDSC) for violation of parole. (Rec. Doc. 20-3, p. 2, 5). A revocation hearing conducted sometime in 2006 resulted in a continuation of the detainer order dated May 16, 2006, "pending disposition of charges." (Rec. Doc. 20-3 p. 6). The forcible rape and molestation charges were dismissed on June 17, 2008. (Rec. Doc. 20-3 P. 7). However, the plaintiff remained detained because he was also charged with an unrelated felony theft that allegedly occurred in April of 2005, i.e. before his arrest. (Rec. Doc. 20-3 p. 8). When that charge was dismissed on September 22, 2008, the plaintiff was discharged from parole, unsatisfactorily, on September 25, and the detainer was cancelled on September 26 at which time plaintiff was immediately released. (Rec. Doc. 20-3, p. 8-11, 2).

Counsel for Neustrom argued the jurisprudence is clear that the Sheriff has no independent duty to investigate the guilt or innocence of those it detains and, regardless

---

[7] *Id.*, p. 8.

of the merits of the molestation charges, the plaintiff was held pursuant to the detainer, as a parole violator, initially on the molestation charges and subsequently on the theft charge.

Plaintiff argued if not for the molestation charges, he would not have been detained for the theft charges as his parole would have been completed. Plaintiff also argued he believed a Sheriff's deputy was present at his arrest, but provided no evidence or identities of any such individual. Plaintiff re-urged his argument that the Sheriff's office should have investigated the validity of the charges against him.

### *Applicable Law and Discussion*

*Summary Judgment Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." Id.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely

pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex, 477 U.S. at 324; see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Auguster v. Vermillion Parish School Bd., 249 F.3d 400, 402 (5th Cir.2001).

*42 U.S.C. § 1983*

The elements of a claim under 42 U.S.C. § 1983 are: (1) that the conduct in question deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (2) that the conduct complained of was committed by a person acting under color of state law. See 42 U.S.C. § 1983; Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). The plaintiff has the burden of proving a civil rights violation under § 1983 by a preponderance of the evidence.

The first inquiry in a § 1983 suit is "to isolate the precise constitutional violation with which [the defendant] is charged." Baker v. McCollan, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979).

**Claims against William T. Babin**

The report and recommendation on the motion for summary judgment filed by William Babin are deferred pending the parties brief on the res judicata issue, as explained above.

***Claims against Sheriff Michael T. Neustrom***

Plaintiff's claims against Neustrom, individually and in his official capacity, are for false arrest and excessive force, in addition to malicious prosecution and false imprisonment due to Neustrom's failure to conduct an investigation into the charges against plaintiff.

An official capacity suit against an individual is considered a suit against the public entity. McMillian v. Monroe County, Ala., 520 U.S. 781, 784-86 (1997). A public entity cannot be responsible for damages under Section 1983 on a vicarious liability theory – it must be shown that a policy or custom caused the constitutional violation. Monell v. New York City Dep't. of Social Serv., 436 U.S. 658, 690, 694, 98 S.Ct. 2018, 2037-2038 (1978); Burge v. St. Tammany Parish, 336 F.3d 363, 370, n. 2 (5th Cir. 2003).

Neustrom has introduced evidence, which is uncontroverted, in the form of an affidavit, that no deputy sheriff participated in plaintiff's arrest.[8] In his opposition, plaintiff argues not that the Sheriff, but his deputies, who are not identified, stood by and failed to protect him from the actions of the Lafayette City Police Department Officers who executed the arrest and allegedly tasered him and that Sheriff Neustrom had

---

[8] See *Affidavit of Major Art Lebreton* (Rec. Doc. 20-3).

"constructive knowledge" of these alleged actions and inactions. (Rec. Doc. 36).  In effect, plaintiff is arguing that Sheriff Neustrom should be held vicariously liable for the actions or inactions of his deputies as he has neither identified, nor alleged, any policy or procedure of the Sheriff's department that would lead to a violation of his constitutional rights.

Despite this case having been filed for nearly 18 months, and this motion having been pending for a similar length of time, plaintiff has not identified any policy or custom that caused or created a constitutional violation which might lead to liability for Sheriff Neustrom in his official capacity despite the fact that it is his burden to do so.  Further, the plaintiff has named no individual deputy nor provided any evidence to suggest any member of the Lafayette Parish Sheriff's Department, including Sheriff Neustrom, participated in the arrest and the claimed use of excessive force. Aside from the fact Sheriff Neustrom cannot be held vicariously liable for the actions of his, as yet unidentified, deputies in this scenario as a matter of law, neither the Sheriff nor the deputies can be liable for false arrest or excessive force if they were not present during plaintiff's arrest.  Therefore, the undersigned will recommend dismissal of all of plaintiff's claims against Neustrom for false arrest and excessive force.

Malicious prosecution requires the following elements:

(1) the commencement or continuance of an original criminal or civil judicial proceeding;

(2) its legal causation by the present defendant in the original proceeding;

  (3) its bona fide termination in favor of the present plaintiff;

  (4) the absence of probable cause for such proceeding;

  (5) the presence of malice therein; and

  (6) damage conforming to legal standards resulting to plaintiff.

Jones v. Soileau, 448 So.2d 1268, 1271 (La.1984).

  The Sheriff's office has no authority to initiate or maintain a prosecution. See Dickerson v. Kemp, 540 So.2d 467, 471 (La. App. 1 Cir. 1989). Sheriff Neustrom cannot be liable for malicious prosecution when he has no authority to prosecute. Therefore, the undersigned recommends this claim also be dismissed with prejudice.

  Finally, plaintiff's allegation that Neustrom failed to conduct his own investigation and failed to develop evidence against plaintiff while continuing to hold him in custody is not cognizable as a constitutional claim. The plaintiff has provided no evidence of any policy or procedure of the Sheriff which would suggest there is, or ever has been, a constitutional violation. The plaintiff was incarcerated on the molestation charges and his bond was set the same day. He did not post bond. Shortly after he was incarcerated, the uncontroverted evidence shows plaintiff was also detained pursuant to an order of the LDPSC for violation of his parole. Therefore, the Sheriff was required to hold plaintiff in custody pursuant to the detainer, regardless of the validity of the molestation charges, until the detainer was lifted. The plaintiff was also charged with an unrelated felony theft which could have, and apparently did, serve as a basis for the parole violation, since the

detainer remained in place after the molestation charges were dismissed and wasn't actually lifted until shortly after the theft charges were dismissed and the plaintiff was discharged, unsatisfactorily, from his parole. When the detainer was ultimately lifted, the plaintiff was immediately released.

Neustrom has cited authority holding that a sheriff is not constitutionally required to conduct an independent investigation into the innocence of a suspect:

> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. *Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.*

Baker v. McCollan, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695 (1979)(Emphasis added).

Therefore, the undersigned finds plaintiff has not met his burden to show any evidence of a policy or procedure by Neustrom was violative of plaintiff's civil rights nor has he shown any factual basis to support a claim for individual liability.

Alternatively, Neustrom is at least entitled to qualified immunity on this claim, as his actions, i.e. detaining a prisoner who was arrested pursuant to a warrant and charged with multiple felony counts, who was offered but failed to post bond, and who was also

ordered detained by a state agency as a parole violator on an additional felony charge, and who was released immediately after that detainer order was lifted, were objectively reasonable in light of clearly established law. Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed. 2d 523 (1987).

With regard to the claims of Neustrom that the plaintiff's claims are time barred, the plaintiff contends, without any supporting evidence, that the suit is timely, or in the alternative, he is entitled to equitable tolling which the undersigned construes as an argument that he should be entitled to the benefit of *contra non valentem*. In this suit under §1983, the statute of limitations is governed by the same time limitations of Louisiana for personal injury claims, i.e. one year. Burge v. Parish of St. Tammany, 996 F.2d at 788; La. Civ. Code Art. 3492. When a suit for personal injury is prescribed on its face, the burden to show that prescription has been interrupted falls to the plaintiff. Jonise v. Bologna Bros., 820 So.2d 460, 464 (La. 2002).

According to the allegations of the complaint, the plaintiff was arrested in June of 2005, and it is on that occasion that he contends excessive force and the false arrest occurred. Therefore, since the complaint was filed in 2009, the complaint is prescribed on its face with regard to these claims. The plaintiff has brought forth no evidence to show that *contra non valentem* should be applied, and therefore, the undersigned recommends the claims for false arrest and excessive force be dismissed on this basis as well.

*Recommendation*

**IT IS RECOMMENDED** that the Motion for Summary Judgment on Behalf of Defendant Michael W. Neustrom. (Rec. Doc. 20) be **GRANTED** and plaintiff's claims against this defendant be **DISMISSED WITH PREJUDICE.**

**IT IS ORDERED** that plaintiff, pro se or with counsel, and defendant William T. Babin may file within 14 days briefs on the issue of whether the order of filing a lawsuit affects the res judicata analysis, after which time a recommendation on the motion will be made.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>**, 79

**F.3d 1415 (5th Cir. 1996).**

  Lafayette, Louisiana, this 29th day of November, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)