UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **ALBERT ALEXANDER** | **CIVIL ACTION NO. 09-1016** |
| **VERSUS** | **JUDGE DOHERTY** |
| **LAFAYETTE CITY PARISH CONSOLIDATED GOVERNMENT, ET AL** | **MAGISTRATE JUDGE HANNA** |

*AMENDED REPORT AND RECOMMENDATION*

Before the court is a Motion for Summary Judgment by William T. Babin, Individually and as Assistant District Attorney (Rec. Doc. 17). Oral argument was held on November 24, 2010. After oral argument, plaintiff and defendant were given 14 days to brief whether the order of filing of the lawsuits, first in federal court and then in state court, made any difference in the res judicata analysis. Plaintiff was also given an opportunity to enroll counsel. The court deferred making its recommendation until the briefs were filed.

On December 13, 2010, the undersigned issued a report and recommendation, stating that more than 14 days had lapsed and plaintiff had not filed a brief nor enrolled counsel. However, on the same date the report was issued, plaintiff filed a brief as ordered by the court. The brief was arguably timely, as although plaintiff was ordered during oral argument on November 24, 2010, to submit the brief within 14 days, the written ruling ordering same was signed and docketed several days later. In the interest

1

of thorough review, the undersigned will issue this amended report and recommendation taking into consideration plaintiff's arguments submitted in his brief.

### *Background and Argument*

Plaintiff filed suit on June 17, 2009, alleging civil rights violations against multiple defendants arising out of his arrest on June 24, 2005, and incarceration until September, 2008, when all charges against him were dropped and he was released from jail. Included as a defendant was William T. Babin, individually and in his official capacity as Assistant District Attorney.[1]

In his Complaint, plaintiff alleges he was arrested pursuant to a warrant based on unsubstantiated allegations of forcible rape and molestation of a juvenile. During his arrest, he alleges he was tasered without justification and suffered personal injuries as a result. He alleges he was held without development of any credible evidence to support the charges against him for over three years, until the charges were dismissed and he was released in September 2008. Thus, plaintiff alleges civil rights violations against the defendants in the form of wrongful arrest, excessive force, false imprisonment, and malicious prosecution. These allegations are made without reference to specific defendants.

During a conference with the court and in his Rule 7(a) response, plaintiff clarified

---

[1] A prior recommendation was made that defendant Michael W. Neustrom, Sheriff of Lafayette Parish, be dismissed from the litigation. This recommendation is on review by the District Judge.

he was maliciously prosecuted by defendant Babin, even after Babin knew there was not sufficient evidence to return an indictment. Plaintiff said he believes he was held in retribution because he accused Babin of using his position to help his son or stepson escape the consequences of a DUI arrest.

Plaintiff also stated he filed a lawsuit in state court against Babin based on these same allegations, however, he did not prosecute that case because of fear of retaliation by Babin.

Babin filed a motion for summary judgment based on res judicata. Babin argues plaintiff asserted identical claims against him in state court, which were dismissed with prejudice on February 8, 2010, based on a Peremptory Exception of No Right and/or Cause of Action asserting absolute immunity for Babin from the claims of the plaintiff.

Babin attached several documents from the state court record to his motion, including plaintiff's Petition for Damages, Babin's Peremptory Exception of No Right and/or Cause of Action and memorandum in support, the Notice of Hearing on the exception, and the Judgment granting the exception and dismissing the claims against Babin with prejudice.[2] The record does not reflect whether an opposition was filed to the exception, however, at oral argument it was determined that no opposition was filed by the plaintiff.

---

[2] See *Exhibits to Motion for Summary Judgment by William T. Babin, Individually and as Assistant District Attorney* (Rec. Doc. 17-3).

Babin also included in his motion a statement of undisputed material facts which included the statement that "[t]he allegations against defendant, William T. Babin, made by Plaintiff Albert Alexander in his Complaint filed with this court are the exact same allegations made in the state court proceeding referenced above, which was dismissed with prejudice and is now a final judgment."[3]

At oral argument, the parties were asked to brief whether the order of filing of the lawsuits affected the res judicata analysis. Defendant filed his brief, citing statutory and jurisprudential authority that the filing order of litigation is irrelevant in the analysis. Plaintiff filed a brief entitled "Plaintiff Motion for NonMutual Collateral Estoppel." (Rec. Doc. 51). In his brief, plaintiff does not address the issue of the order of filing of the lawsuits on the res judicata analysis, except to state he filed his suit in federal court first, which is not in dispute. Instead, he again argues he was denied the opportunity to litigate his state court suit, basically because of fear of retaliation, and cites a Supreme Court case discussing offensive collateral estoppel, Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 99 S.Ct. 645 (1979).

### *Applicable Law and Discussion*

<u>Summary Judgment Standard</u>

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment

---

[3] *Statement of Undisputed Material Facts In Support of Summary Judgment* (Rec. Doc. 17-2).

"shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." Id.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex, 477 U.S. at 324; see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Auguster v. Vermillion Parish School Bd., 249 F.3d 400, 402 (5th Cir.2001).

*Res Judicata*

Under 28 U.S.C. § 1738, federal courts are to give full faith and credit to the

judgments of the state courts and this court is obliged to apply the law of Louisiana to determine the preclusive effect to be given to the Louisiana judgment.[4]

The requirements for a finding of res judicata under Louisiana law pursuant to La. R.S. 13:4231 are as follows: (1) the state court judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.[5]

The undersigned finds, based on the written submissions of Babin, the written submissions of plaintiff, and the statements of counsel for defendant and plaintiff at oral argument that the requirements of La. R.S. 13:4231 are met. The only remaining question, after oral argument, was whether the filing order of the lawsuits affected the res judicata analysis.[6] The undersigned specifically finds plaintiff's arguments that he was intimidated by Babin into not litigating his state court claim, even if legally relevant in

---

[4] 28 U.S.C. § 1738 reads in pertinent part as follows: "Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

[5] *Memorandum in Support of Motion for Summary Judgment by William T. Babin, Individually, and as Assistant District Attorney* (Rec. Doc. 17-1), p. 4, citing Burguieres v. Pollingue, 843 So.2d 1049, 1053 (La. 2003).

[6] The federal lawsuit was filed on the same day, but prior to, the state court lawsuit.

any way, unsupported by any factual evidence.

After review of Babin's post-hearing brief and the statutory law and jurisprudence cited therein, and review of plaintiff's brief, the undersigned finds the lawsuit filing order is irrelevant to the res judicata analysis.[7] Therefore, as in the original report and recommendation, the undersigned recommends granting the motion for summary judgment and dismissing as res judicata all of the claims brought against Babin in all capacities.

### *Conclusion and Recommendation*

The claims brought against defendant William T. Babin, in his individual and official capacity, are res judicata. Therefore,

**IT IS RECOMMENDED** that the Motion for Summary Judgment by William T. Babin, Individually and as Assistant District Attorney (Rec. Doc. 17) be **GRANTED** and all of the claims against defendant Babin be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after receipt of a copy of

---

[7]*Post-Hearing Brief Regarding Defendant's Motion for Summary Judgment on the Issue of Res Judicata* (Rec. Doc. 46), citing La. C.C.P. art. 531; Hogue v. Royse City, Texas, 939 F.2d 1249, 1251 (5th Cir. 1991); Hansler v. Mainka, 988 F.2d 35, 38 (5th Cir. 1993); *Plaintiff Motion for NonMutual Collateral Estoppel* (Rec. Doc. 51).

any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

Lafayette, Louisiana, this 17th day of December, 2010.

_____
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)