UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **ALBERT ALEXANDER** | **CIVIL ACTION NO. 09-1016** |
| **VERSUS** | **JUDGE DOHERTY** |
| **LAFAYETTE CITY PARISH CONSOLIDATED GOVERNMENT, ET AL** | **MAGISTRATE JUDGE HANNA** |

### *REPORT AND RECOMMENDATION*

Before the court is a Motion for Summary Judgment (Rec. Doc. 42), filed by defendants Lafayette City-Parish Consolidated Government, Chief of Police Jim Craft, in his official capacity, Sergeant Guy LeBreton, Officer Norman Maldonado, Corporal Rob Olivero, and Officer Mike Marin, in their individual and official capacities.  Also before the court are two documents filed by plaintiff, both titled "Plaintiff Motion for NonMutual Collateral Estoppel" (Rec. Docs. 51 and 56).  The motions are opposed.

### *Background and Argument*

Plaintiff filed suit on June 17, 2009, alleging civil rights violations against multiple defendants arising out of his arrest on June 24, 2005, and incarceration until September, 2008, when all charges against him were dropped and he was released from jail.  Multiple defendants were named in the suit, including the present movers.[1]

---

[1] Defendants Michael W. Neustrom, Sheriff of Lafayette Parish, and William T. Babin, Assistant District Attorney, were previously dismissed from the case by summary judgment. (Rec. Docs. 61and 62).

1

In his Complaint, plaintiff alleges he was arrested pursuant to a warrant based on unsubstantiated allegations of forcible rape and molestation of a juvenile. He also alleges that during his arrest he was tasered without justification and suffered personal injuries as a result. He alleges he was incarcerated without development of any credible evidence to support the charges against him for over three years, until the charges were dismissed and he was released in September 2008.

The above defendants answered the suit asserting, *inter alia*, qualified immunity as a defense. The plaintiff filed a 7(a) response on September 6, 2010.[2] In the 7(a) response, plaintiff alleges these defendants were "the investigating officers assisting in gathering of evidence forming the basis for an illegal prosecution. . . ."[3] The undersigned finds plaintiff's claims against these defendants, individually and in their official capacity, are for violation of his constitutional rights by false arrest and excessive force, retaliatory and improper investigation, and malicious prosecution.

In their motion for summary judgment, defendants argue the doctrine of res judicata bars plaintiff's false arrest and excessive force claims, as a Louisiana state court dismissed these claims against these defendants.[4] Alternatively, defendants argue these

---

[2]*Plaintiff in Compliance with Modified 7(a) Order* (Rec. Doc. 26).

[3]*Id.*

[4]Defendants have attached a copy of the state court lawsuit and judgment to their memorandum in support. See Exhibits E and F to *Memorandum in Support of Motion for Summary Judgment* (Rec. Doc. 42-2).

2

claims are prescribed as plaintiff filed suit more than one year after his arrest. Defendants also argue they were not present during plaintiff's arrest and therefore cannot be liable for any false arrest or excessive force claims.[5]

Regarding the claims of malicious prosecution, defendants argue they are without authority to initiate a prosecution, which is an essential element of a claim for malicious prosecution, and these claims must be dismissed.

Defendants also argue they are entitled to qualified immunity for any claim that they are liable to plaintiff for failing to properly investigate the allegations against him. Defendants argue the criminal investigation was conducted in accordance with customary police procedure and the investigating officers were reasonable in relying on the evidence, including victim and witness statements. Therefore, defendants argue, none of plaintiff's constitutionally protected rights were violated and these claims should be dismissed.

Finally, defendants Lafayette City-Parish Consolidated Government and Police Chief Jim Craft argue they are not vicariously liable for any of their employees' actions. In addition, plaintiff has not submitted evidence of any official policy or custom of constitutional deprivation that caused plaintiff's alleged injuries and damages. Therefore,

---

[5]Defendants Michael Marin, Rob Oliver, Norman Maldonado, and Guy LeBreton have attached Affidavits that state, inter alia, that they did not participate in plaintiff's arrest. See Exhibits A, B, C, and D to *Memorandum in Support of Motion for Summary Judgment* (Rec. Doc. 42-2).

defendants argue, the claims against Lafayette City-Parish Consolidated Government and Police Chief Jim Craft must be dismissed.

In opposition, plaintiff argues his state court law suit was undeveloped when it was dismissed, and therefore application of the *res judicata* doctrine would be unfair. He argues this point more completely in his motions for non-mutual collateral estoppel.

Plaintiff also appears to argue he was subjected to an investigation in violation of his constitutional rights. Plaintiff argues he was targeted by police in retaliation for his standing up for his son, who was tasered by police in another incident. Plaintiff argues Sgt. LeBreton improperly took the minor victims' statements without parental consent. Plaintiff also suggests that because the same Judge signed both the arrest warrant and the affidavit for the arrest warrant, either the warrant was invalid or this should be accepted as evidence of collusion.

Finally, in his motions for collateral estoppel and memorandum in opposition to the motion for summary judgment, plaintiff asks that he be allowed to add the names of police officers Jason Ardoin and Phillip Firmn [sic] as defendants, as he just discovered these were the two officers involved in tasering him.

### *Applicable Law and Discussion*

<u>Summary Judgment Standard</u>

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

4

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." Id.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex, 477 U.S. at 324; see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Auguster v. Vermillion Parish School Bd., 249 F.3d 400, 402 (5th Cir.2001).

Malicious Prosecution

A basic requirement of a claim for malicious prosecution is that a criminal

proceeding be commenced and caused by defendants.[6]  None of these law enforcement officers have authority to initiate or maintain a prosecution.  See <u>Dickerson v. Kemp</u>, 540 So.2d 467, 471 (La. App. 1 Cir. 1989).  Moreover, the defendants' uncontroverted affidavits state not only do they lack authority to initiate a prosecution, they were not involved in the prosecution of the criminal charges brought against plaintiff.[7]  Therefore, the undersigned will recommend the claims against the defendants for malicious prosecution be dismissed with prejudice.

<u>Retaliatory and Improper Investigation</u>

The evidence submitted shows the officers received statements from four juvenile victims that plaintiff had molested all of them, and forcibly raped one of the victims. While the interview of one of the four victims may have occurred without her parent's consent, which seems to be the primary complaint of plaintiff, the other three were

---

[6]Malicious prosecution requires the following elements:
  (1) the commencement or continuance of an original criminal or civil judicial proceeding;
  (2) its legal causation by the present defendant in the original proceeding;
  (3) its bona fide termination in favor of the present plaintiff;
  (4) the absence of probable cause for such proceeding;
  (5) the presence of malice therein; and
  (6) damage conforming to legal standards resulting to plaintiff.

<u>Jones v. Soileau</u>, 448 So.2d 1268, 1271 (La.1984).

[7]See Affidavits, Exhibits A, B, C, and D to *Memorandum in Support of Motion for Summary Judgment* (Rec. Doc. 42-2).

6

conducted with parental consent and all victims described similar experiences.[8] Sgt. LeBreton drafted and executed an affidavit for warrant of arrest, and a Fifteenth Judicial District Court Judge determined there was probable cause and issued two arrest warrants.[9] Plaintiff was subsequently arrested. Defendants have submitted investigative reports, the affidavit in support of the application for the arrest warrant, the arrest warrants, and other evidence in support of their motion.[10]

Plaintiff has submitted no evidence that contradicts defendants' assertions that the criminal investigation was conducted in accordance with customary police procedure and the investigating officers were reasonable in relying on the evidence, including victim and witness statements. Therefore, the undersigned will recommend plaintiff's claims against defendants for a retaliatory and improper investigation against him in violation of his constitutional rights be dismissed with prejudice.

False Arrest and Excessive Force

Defendants have introduced evidence in the form of affidavits, which is

---

[8] See Narrative (Rec. Doc. 42-3), p. 80.

[9] There is no jurisprudential support for plaintiff's argument that the arrest warrant was invalid or the parties were colluding because the issuing Judge also signed the affidavit to establish probable cause.

[10] See Exhibits attached to *Memorandum in Support of Motion for Summary Judgment* (Rec. Doc. 42-2).

uncontroverted, that they did not participate in plaintiff's arrest.[11] No claims may be successfully made for false arrest and excessive force against persons who were not present when the arrest occurred. Therefore, the undersigned will recommend dismissal with prejudice of plaintiff's claims against defendants for false arrest and excessive force.

In addition, the undersigned finds the false arrest and excessive force claims are res judicata as to these defendants. Defendants have attached a Louisiana state court law suit making virtually identical allegations against these defendants and a judgment in that suit that these claims are prescribed.[12]

Claims Against the City and Police Chief Jim Craft

An official capacity suit against an individual is considered a suit against the public entity. McMillian v. Monroe County, Ala., 520 U.S. 781, 784-86 (1997). A public

---

[11]See Affidavits, Exhibits A, B, C, and D to *Memorandum in Support of Motion for Summary Judgment* (Rec. Doc. 42-2).

[12]Res Judicata
Under 28 U.S.C. § 1738, federal courts are to give full faith and credit to the judgments of the state courts and this court is obliged to apply the law of Louisiana to determine the preclusive effect to be given to the Louisiana judgment. The requirements for a finding of res judicata under Louisiana law pursuant to La. R.S. 13:4231 are as follows: (1) the state court judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. See Burguieres v. Pollingue, 843 So.2d 1049, 1053 (La. 2003). The state court suit and judgment dismissing plaintiff's claims for false arrest and excessive force are attached as Exhibits E and F to defendants' *Memorandum in Support of Motion for Summary Judgment* (Rec. Doc. 42-2).

entity cannot be responsible for damages under Section 1983 on a vicarious liability theory – it must be shown that a policy or custom caused the constitutional violation. Monell v. New York City Dep't. of Social Serv., 436 U.S. 658, 690, 694, 98 S.Ct. 2018, 2037-2038 (1978); Burge v. St. Tammany Parish, 336 F.3d 363, 370, n. 2 (5th Cir. 2003).

Plaintiff has introduced no evidence that Chief of Police Jim Craft or the Lafayette City-Parish Consolidated Government had any policy or procedure that resulted in any violation of plaintiff's constitutional rights. Therefore, the undersigned recommends that all claims against the Chief of Police Jim Craft and the Lafayette City-Parish Consolidated Government be dismissed with prejudice.

Plaintiff's Motions for Non-Mutual Collateral Estoppel

Plaintiff is pro se, and therefore the undersigned will construe his motions for non-mutual collateral estoppel, in addition to oppositions to defendants' motion for summary judgment, as motions to amend his complaint to substitute police officers Jason Ardoin and Phillip Firmn [sic] for the John Doe defendants named in his complaint.

The deadline for amending the complaint was June 8, 2010.[13] The first motion to request permission to amend the complaint was filed on December 13, 2010, after the scheduling order deadline. However, even if the plaintiff could show "good cause" for the tardy amendment as required under Rule 16(b) of the Federal Rules of Civil Procedure and Southwestern Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir.

---

[13] See Scheduling Order (Rec. Doc. 12).

2003), the undersigned finds that amendment would be futile because the claims against these officers are prescribed. See In re Southmark Corp., 88 F.3d 311, 314–15 (5th Cir.1996).

In a Section 1983 action, the court looks to the forum state's personal-injury limitations period. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir.1994). In Louisiana, that period is one year. Burge v. Parish of St. Tammany, 996 F.2d 786, 788 (5th Cir. 1993); La. Civ. Code Art. 3492. Federal law determines when a § 1983 action accrues. Jackson v. Johnson, 950 F.2d 263, 265 (5th Cir.1992). For a claim for excessive use of force and wrongful arrest, it is a plaintiff's knowledge of these events that triggers the limitations period. Jacobsen v. Osborne, 133 F.3 315, 319 (5th Cir. 1998).

Alexander's claims for false arrest and excessive force accrued on June 25, 2005, when he was tasered and arrested. However, he did not file suit until June 17, 2009, well over one year after his arrest. Therefore, the complaint is prescribed on its face with regard to these claims. When a suit for personal injury is prescribed on its face, the burden to show that prescription has been interrupted falls to the plaintiff. Jonise v. Bologna Bros., 820 So.2d 460, 464 (La. 2002).

The plaintiff has brought forth no evidence to show that *contra non valentem* should be applied and the undersigned finds, as did the state court, that the claims for false arrest and excessive force are prescribed.

The plaintiff seeks to add the officers he alleges were involved in his arrest and

tasering to his complaint as defendants. However, all claims arising out of plaintiff's arrest and tasering are prescribed and an amendment adding these officers as defendants would be futile. Therefore, the undersigned will recommend plaintiff's motions be denied.

*Conclusion and Recommendation*

For the reasons give above, the undersigned finds plaintiff has not shown any factual or legal basis to support any claims for individual liability by the defendants, nor has plaintiff submitted any evidence of a policy or procedure by the Lafayette City-Parish Consolidated Government violative of plaintiff's civil rights.

In addition, the undersigned finds amendment of plaintiff's complaint as requested in plaintiff's motions for mutual collateral estoppel would be futile. Therefore,

**IT IS RECOMMENDED** that the Motion for Summary Judgment (Rec. Doc. 42) be **GRANTED** and plaintiff's claims against these defendants be **DISMISSED WITH PREJUDICE.**

**IT IS ALSO RECOMMENDED** that the two motions entitled "Plaintiff Motion for NonMutual Collateral Estoppel" (Rec. Docs. 51 and 56) be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after receipt of a copy of

any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

Lafayette, Louisiana, this 15th day of April, 2011.

_____
Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)